UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV-06-119-B-W |
| ) | |
| Horizon Lines LLC, Horizon Lines, Inc. ) | |
| as owners and operators of the M/V ) | |
| HORIZON HAWAII, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON OBJECTION TO JANUARY 25, 2008 ORDER OF MAGISTRATE JUDGE KRAVCHUK

The Court concludes that the magistrate judge's Order, which declined to reopen discovery to allow the Defendant to obtain records from a third party, is neither clearly erroneous nor contrary to law.  *Report of Telephone Conference & Order* (Docket # 52) (*Report*).  The Court also refuses to issue a Rule 45 subpoena to the same third party to allow the Defendant to obtain records that should have been obtained during the discovery period.

I.  **STATEMENT OF FACTS**

On February 5, 2007, the Court issued a Scheduling Order establishing an initial deadline to complete discovery of July 9, 2007.  *Scheduling Order* (Docket # 26).  By agreement of the parties, the discovery deadline was twice extended, first to October 9, 2007, and then to November 9, 2007.  *Orders* (Docket # 37, 40).  The Scheduling Order, as finally amended, provided in part that the plaintiff was required to designate expert witnesses by August 13, 2007, and that the defendant was required to do so by October 15, 2007.[1]  *See Am. Joint Mot. to Extend*

---

[1] For simplicity, this Order refers to a single defendant, Horizon Lines, even though there are technically two defendants, Horizon Lines, LLC and Horizon Lines, Inc.

*Time* (Docket # 39); *Order* (Docket # 40).  On December 6, 2007, upon the expiration of the discovery deadline, the Court set jury selection for February 5, 2008, and ordered Final Pretrial Memoranda filed by December 31, 2007.  *Trial List* (Docket # 43).  The parties timely filed the Pretrial Memoranda and neither suggested any outstanding discovery issues.  *Pl.'s Final Pretrial Mem.* (Docket # 47); *Defs.' Pre-Trial Mem.* (Docket # 48).  On January 7, 2008, the magistrate judge held a final pretrial conference and noted:  "A discovery cut-off date of November 9, 2007, has been previously established herein.  Counsel advised the court at the conference that there are no outstanding discovery issues requiring action by the court."  *Report of Final Pretrial Conference and Order* (Docket # 50).  Neither party objected to the Order.

Following the final pretrial conference, however, the parties became embroiled in a discovery dispute.  On January 24, 2008, the magistrate judge held a telephone conference with counsel and the next day, issued a report and order.  *Minute Entry* (Docket # 51); *Report*.  As the magistrate judge explained it, the dispute centered on the Defendant's recent demand that the Plaintiff provide an authorization so that Horizon Lines could obtain medical records from Dr. Simon, a Massachusetts physician.  *Id.* at 1.  She noted that Horizon Lines had deposed Mr. Williamson in May 2007 and had then learned "of Dr. Simon's existence and the fact that he had given a prescription for drugs to plaintiff."  *Id.* at 2.  On January 8, 2008, Mr. Williamson took the trial deposition of Dr. McGuire, his treating orthopaedic surgeon, and Horizon Lines learned on cross-examination that the doctor's "recollection and records did not reflect any knowledge of Dr. Simon's prescriptions."  *Id.*; *Defs.' Objection to January 25, 2008 Order of Magistrate Kravchuk* (Docket # 77) (*Defs.' Ob.*).  Horizon Lines sought to reopen discovery to obtain Dr. Simon's prescriptive history for Mr. Williamson to impeach him "regarding the amount of painkillers that were prescribed to [him]."  *Report* at 2.

2

On January 25, 2008, the magistrate judge denied Horizon Line's motion to reopen discovery. She noted that Horizon Lines knew as early as May 2007 that Dr. Simon had seen Mr. Williamson and that he had written a prescription for him and that Mr. Williamson claimed that Dr. Simon issued the prescriptions with Dr. McGuire's knowledge. The magistrate judge observed that, instead of requesting production of Dr. Simon's records during the discovery period, Horizon Lines did nothing. She also indicated that Horizon Lines failed to take a deposition of Dr. McGuire during the discovery period.

Finally, Magistrate Judge Kravchuk wrote that much of the impeachment evidence that Horizon Lines seeks, though marginally relevant, is a matter of record in any event. Mr. Williamson admitted in May 2007 that he had been treated by Dr. Simon and that the doctor had issued him a prescription. Although Mr. Williamson testified that "both doctors knew of the prescription written by the other," the magistrate judge stated that Dr. McGuire testified that he was unaware of Dr. Simon's prescription(s). Accordingly, she concluded, Dr. Simon's actual records would be cumulative and she denied Horizon Lines' request to reopen discovery due to the Horizon Lines' "flagrant disregard for this court's Scheduling Order" and the "potential further delay and additional discovery (by plaintiff or defendant) once other exhibits and evidence are brought into the case." *Id.* at 2-3.

On February 5, 2008, the same day the jury was selected, Horizon Lines filed an objection to the magistrate judge's Order. *Defs.' Ob*. It argues that it "learned for the first time at [Dr. McGuire's] deposition that plaintiff may not have testified candidly about his prescription narcotics use." *Id.* at 2. While acknowledging that Mr. Williamson had testified in May 2007 that he had been treated by both Dr. Simon and Dr. McGuire and that they had prescribed Percocet for him, Horizon Lines represents that Mr. Williamson also asserted that he had told Dr.

McGuire about Dr. Simon's simultaneous prescription for Percocet, an assertion that Horizon Lines did not realize was incorrect until it deposed Dr. McGuire in January 2008. *Id.* at 2. Horizon Lines explained that its lack of knowledge was in part caused by Dr. McGuire's failure to produce a complete copy of his medical chart, despite having been presented with a signed patient authorization. *Id.* Horizon Lines claims that if it had received a complete chart from Dr. McGuire, it would have learned that a pharmacist had called the doctor to alert him that Mr. Williamson tried to pay for Percocet in cash, rather than by insurance, "seemingly to avoid detection that more than one doctor was prescribing Percocet for him at once." *Id.* It would then have been alerted "to the need to obtain Dr. Simon's records as well." *Id.* at 3.

Horizon Lines contends that the Court should reject the magistrate judge's ruling on two bases: (1) that enforcing the terms of the Scheduling Order would result in manifest injustice; and, (2) that the Court should in any event issue a subpoena for the production of the records for trial purposes. *Id.* at 6-8.

## II. DISCUSSION

### A. The Standard of Review

Federal Rule of Civil Procedure 72(a) empowers a magistrate judge to "hear and decide" non-dispositive pretrial matters; to set aside a magistrate judge's order on such a matter, the Court must conclude that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 340 (S.D. Iowa 1993) (stating that "clearly erroneous" applies to factual findings and "contrary to law" applies to conclusions of law).

### B. The Manifest Injustice Argument

In her Report, Magistrate Judge Kravchuk denied Horizon Lines' request to reopen discovery. *Report* at 1. Reopening discovery is a matter "for the informed discretion of the trial

judge, and the breadth of that discretion in managing pre-trial mechanics and discovery is very great." *Fusco v. General Motors Corp.*, 11 F.3d 259, 267 (1st Cir. 1993); *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 91 (1st Cir. 1996).  Magistrate Judge Kravchuk, therefore, had considerable discretion in deciding whether to reopen discovery.

Horizon Lines' "manifest injustice" argument is frivolous.  Horizon Lines knew as early as May 2007 that Mr. Williamson had been treated by both Drs. Simon and McGuire and that he had received Percocet prescriptions from both doctors at the same time.  It elected, however, not to depose either physician during the discovery period, opting instead to rely on a cross-examination of only Dr. McGuire after the discovery period had lapsed, during a trial deposition.  In failing to depose Mr. Williamson's treating physicians during the discovery period, Horizon Lines ran the risk that it would discover information that it could have discovered earlier.

When Dr. McGuire was deposed for trial, Horizon Lines found out that the doctor's staff had not copied portions of what Horizon Lines contended was his complete medical chart.  This should have come as no great surprise.[2]  Prescription histories and telephone logs may or may not be considered by a physician's employees, who commonly copy the charts, to be part of the patient's medical chart.[3]  Because Mr. Williamson testified that he received Percocet from Dr. McGuire, when counsel for Horizon Lines received Dr. McGuire's chart without the prescription

---

[2] Horizon Lines' counsel has tried one other case before this Court: *Falconer v. Penn Maritime., Inc.*, Civil No. 05-42-B-W.  In *Falconer*, the accuracy and completeness of hospital records became a central and highly contentious issue, the history of which is set forth in detail in the Court's post-trial opinion.  *Falconer v. Penn Mar., Inc.*, 421 F. Supp. 2d 190, 201-03 (D. Me. 2006).

Furthermore, Horizon Lines' point is that by claiming pain in his knees and shoulder, Mr. Williamson was engaging in drug-seeking behavior.  Simultaneous prescriptions of Percocet from two different physicians located in two different states should have placed Horizon Lines on notice that there was at least a discoverable issue, which it could have and should have pursued during the discovery period.

[3] During his deposition, when quizzed about the completeness of his office's response to the Defendant's earlier request for his medical records, Dr. McGuire stated:  "You'd have to talk to my secretary.  I don't copy the records."  *McGuire Dep.* 87:20-21 (Docket # 67-2).

history, they either knew or should have known that it was incomplete. Counsel for Horizon should have acted during the discovery period to assure the completeness and accuracy of the chart; however, counsel elected not to engage in discovery and now has confirmed, during a cross-examination of the treating physician in a trial deposition, that the chart is incomplete. With a jury selected and within weeks of trial, Horizon Lines seeks to raise a discovery issue that should have been resolved long ago.

The Court also rejects Horizon Lines' contention that "this will cause no delay in the trial schedule." *Defs.' Ob.* at 5. If Dr. Simon's medical chart, including his prescription history, were produced, both parties could, as the magistrate judge stated, seek further discovery. All of this should have been done during the time the Court provided for discovery, not after the jury has been selected and the case stands ready for trial.

Finally, the magistrate judge is entirely correct in her conclusion that the prescription history would be cumulative. Dr. McGuire's testimony contradicts Mr. Williamson's testimony on whether each physician knew of the other's Percocet prescriptions. Horizon Lines seeks only additional fodder with which to cross examine Mr. Williamson.

In these circumstances, the magistrate judge's conclusion that discovery should not be reopened to allow discovery of matters that should have been explored during the discovery period is fully supported and is neither clearly erroneous nor contrary to law. Fed. R. Civ. P. 72(a).

    **C.**    **Court-Ordered Subpoena – Federal Rule 45**

Horizon Lines next seeks to raise an issue it did not raise before the magistrate judge – whether the Court should authorize a subpoena compelling Dr. Simon to produce his medical chart and prescription history at trial. The fact that Horizon Lines failed to raise this argument

before the magistrate judge is sufficient by itself to deny its objection to her decision.  *Bordon v. Sec'y of Health and Human Serv.*, 836 F.2d 4, 6 (1st Cir. 2002) ("Parties must take before the magistrate, not only their best shot, but all of their shots.") (quotation omitted); *Thorndike v. Chrysler Corp.*, 288 F. Supp. 2d 50, 53-54 (D. Me. 2003) ("A party is not entitled to a *de novo* review by a district judge of an argument never seasonably raised before the magistrate judge."). Technically, Horizon Lines is not objecting to the magistrate judge's decision on this basis, because it never raised the Rule 45 subpoena issue before the magistrate judge and she never ruled on it.

Nevertheless, because trial is looming and Horizon Lines has asked the Court to issue a subpoena against Dr. Simons for his medical records, the Court will address Horizon Lines' request for a subpoena.  The brief answer is that, contrary to Horizon Lines' contention, there is a relationship between Rule 26 and Rule 45 and "parties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery."  9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2452 (3rd ed. 2008); *See also Garvin v. S. States Ins. Exch. Co.*, No. 1:04cv73, 2007 U.S. Dist. LEXIS 63664, at *7-8 (N.D.W.V. Aug. 28, 2007).  It is true that *O'Boyle v. Jensen*, 150 F.R.D. 519 (M.D. Pa. 1993) held to the contrary, but *O'Boyle* is in the distinct minority.  *Nicholas v. Wyndham Int'l, Inc.*, No. 2001/147-M/R, 2003 U.S. Dist. LEXIS 24085, at *3-5 (D.V.I. Oct. 1, 2003) (adopting the "clear majority position that use of Rule 45 subpoenas constitutes discovery and is thus governed by the temporal restraints of the previous case Scheduling Orders"); *Mortgage Info. Servs. v. Kitchens*, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002) (stating that the majority rule is "a Rule 45 subpoena does in fact constitute discovery");

*Alper v. United States*, 190 F.R.D. 281, 283-84 (D. Mass. 2000). The few exceptions to this majority rule are inapplicable. *Mortgage. Info. Servs.*, 210 F.R.D. at 567.

The Court will not accede to Horizon Lines' request that it issue a Rule 45 subpoena to obtain documents it could have obtained during the discovery process.

## III.   CONCLUSION

The Court affirms the magistrate judge's Order. (Docket # 52).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2008